# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 20, 2001 Session

## STATE OF TENNESSEE v. MARSHA L. McCLELLAN

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S43, 507      Phyllis H. Miller, Judge**

---

**No. E2000-02373-CCA-R3-CD**
**April 19, 2001**

---

The defendant pled guilty to one count of theft of property over $1,000, and one count of conspiracy to commit theft of property over $1,000. The trial court sentenced her to concurrent sentences of two years on each conviction, suspended, with the defendant placed on four years of probation, and ordered to pay $10,000 restitution at $225 per month for the duration of her probationary period. In this appeal as of right, the defendant argues that the trial court abused its discretion in denying her request for judicial diversion. Based upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Richard A. Spivey, Kingsport, Tennessee, for the appellant, Marshal L. McClellan.

Paul G. Summers, Attorney General and Reporter; Glen C. Watson, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Barry P. Staubus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Marsha L. McClellan, a former cashier at a home improvement store who allowed family members to pass through her checkout line without paying for merchandise, pled guilty in the Criminal Court of Sullivan County to one count of theft of property over $1,000, a Class D felony, and one count of conspiracy to commit theft over $1,000, a Class E felony. Denying her request for judicial diversion, the trial court imposed concurrent two-year sentences for each conviction, suspended, with the defendant placed on four years of probation. In addition, she was ordered to pay $10,000 restitution to her former employer, at $225 per month for the period of her probation. In a timely appeal to this court, the defendant argues that the trial court abused its discretion in denying her judicial diversion, asserting that the court erred in its application of enhancement and mitigating factors.

After a thorough review, we conclude that the trial court's denial of judicial diversion is supported by substantial evidence in the record. Accordingly, we affirm the judgment of the trial court.

## FACTS

The facts in this case are undisputed. During July and August 1999, while employed as a cashier at a Home Depot Store in Kingsport, Tennessee, the thirty-three-year-old defendant allowed family members to take merchandise from the store without paying for it. The total value of the stolen merchandise, which was apparently used to remodel and refurbish both the defendant's home and the home of a family member, was estimated by the defendant and by Home Depot's loss prevention manager as somewhere between $15,000 and $20,000. Some of the stolen items, including two ladders, two storm doors, a garage door opener, two ceiling fans, an oriental rug, sheet rock compound, a wooden frame door, and several tools, totaling $2,037 in value, were recovered from the defendant's family members.

The defendant was subsequently indicted by the Sullivan County Grand Jury on one count of theft of property having a value of more than $1,000 but less than $10,000, a Class D felony, and one count of conspiracy to commit theft of property having a value of more than $1,000 but less than $10,000, a Class E felony. On July 20, 2000, following the district attorney general's denial of her request for pretrial diversion, the defendant entered a plea of guilty to both counts of the indictment. Included within the defendant's request for acceptance of her plea of guilty was a statement that she was applying for judicial diversion, and that the State was not opposed.

On September 15, 2000, the trial court held a hearing to consider the defendant's request for judicial diversion, and to set sentencing. In applying Tennessee Code Annotated Section 40-35-114, and determining that the defendant should be granted probation rather than judicial diversion, the trial court made extensive findings of fact and conclusions of law:

> Alright. Now, you're not ---- you may be eligible for deferral of judgement [sic]. You're not ---- it's not alternative sentencing. You're not automatically entitled to it. The Court looks at your social history, educational history, work history, any prior drug use, any criminal history. I look at the nature and circumstances of the offense, your involvement in it, okay.
>
> So looking at enhancing and mitigating factors you have one speeding ticket. As far as convictions go that's practically nothing. You've also, you know, committed two (2) other offenses for which you weren't charged which was smoking pot and drinking. Just one time each, but it's there. It's an indication of your regard for the laws. Number two (2), I find that you were a leader in the commission of an offense involving two (2) or more criminal actors. I give that a lot

of weight. Three (3) doesn't apply. Four (4) doesn't. Five (5) doesn't. Six (6), for what it was, I find that over that period of time that the property taken from the victim was particularly great. This wasn't just one major item. It was a lot of major items. And this is all we know about. Seven (7) doesn't apply. Eight (8) doesn't. Nine (9), ten (10), eleven (11), twelve (12), thirteen (13), none of those apply. Fourteen (14) doesn't. Fifteen (15) applies. I give it great weight. The defendant abused a position of private trust. Okay. You were an employee of Home Depot. They trusted you there with their money, and what you did was you and your cohorts got involved in a scheme to steal from your employer while they're paying, what, your salary or your hourly pay. While they're giving you all the other benefits you're standing there just down right stealing from them. You might as well have just pulled your truck up there, piled their goods in it and hauled it away. Now, I know it's a business, but it's that business' property. So I give that great weight. None of the rest of these apply. She's not paid the court costs, right? Right? Has she paid any court costs?

Thus, the trial court found four enhancement factors applicable: (1) the defendant's previous history of criminal convictions and criminal behavior in addition to those necessary to establish the appropriate range; (2) the defendant's role as a leader in the commission of an offense involving two or more criminal actors; (6) the amount of property taken from the victim was particularly great; and (15) the defendant's abuse of a position of private trust in the commission of the crime. See Tenn. Code Ann. § 40-35-114(1), (2), (6), & (15) (1997). The trial court placed great emphasis on enhancement factors (2) and (15), and very little weight on factor (1), which was based on a single speeding ticket and the defendant's admission that she had once drunk alcohol while underage and had smoked marijuana on one occasion.

Relevant mitigating factors found by the trial court included that the defendant's criminal conduct neither caused nor threatened bodily injury, a factor to which the trial court gave very little weight; and that the defendant had assisted authorities in locating or recovering property or persons involved in the crime. See Tenn. Code Ann. § 40-35-113(1) & (10) (1997). With regard to mitigating factors, the trial court stated:

It's in the presentence report. Now, mitigating factors, number one (1) applies to every thief that comes through this Court, that you neither caused nor threatened serious bodily injury. The legislature has decided to build that in to every crime involving the theft of property, so every thief gets that benefit. For that reason I give it about as little weight as I can possibly give it. Number two (2) does not apply. You didn't act under strong provocation. Three (3) doesn't apply. Substantial grounds do not exist tending to excuse or

justify your criminal conduct. Four (4) doesn't apply. You played a major role. I mean if it hadn't been for you they couldn't have done it, and they were doing it partially to benefit you. So that doesn't apply. Five (5) doesn't apply. Your conscience didn't start bothering you and you try to compensate the victim or anything like that before detection. Six (6) doesn't apply. You're thirty-three (33) years old. Seven (7), you were not motivated by a desire to provide necessities for yourself or your family. Eight (8) doesn't apply. You weren't suffering from a mental or a physical condition that significantly reduced culpability for the offense. Nine (9) may apply to some extent. Apparently when they caught you, you told them where to go to find some of the property. It appears to be right. I think you're the one that ---- let's see. Okay, I'll give you some credit for that. Not very much. Well, that's ten (10), actually, the one that applies. Locating or recovering any property or person involved in the crime. Eleven (11), I find you had a sustained intent to violate the law. It continued over weeks. It was not just a one time or two (2) time impulsive act. It was something that was planned out so you could benefit and your family members could benefit. Twelve (12), you didn't act under duress or domination of another person.

Non-statutory factors acknowledged by the trial court were the defendant's work history, which the court characterized as "good"; the defendant's remorse; and the fact that the defendant had voluntarily confessed her guilt. The court ruled that lack of a criminal record could not apply as a mitigating factor, due to the defendant's misdemeanor offense of speeding:

> Non-statutory mitigating factors, lack of criminal record, that doesn't apply.
>
> . . . .
>
> It doesn't mean I have an insignificant criminal record, it means I have a lack of a criminal record. Now, I'm sorry, I didn't ---- I don't do the appellate decisions and if you have one that says different, well more power to you. Genuine sincere remorse, her statement was, "I cooperated fully with the Kingsport Police Department." Excellent work history, she has a good work history. She's worked several different places. She's working now. I wouldn't call it an excellent work history. Self-rehabilitative efforts, no. Voluntary confession of guilt, yes.

At the conclusion of the hearing, the trial court denied the defendant's request for judicial diversion. In denying judicial diversion, the court stressed the severity of the offenses, noting that

the thefts had occurred over a period of time; that the stolen items constituted a substantial amount of property; that the items taken were not necessities, but instead were used by the defendant and her family members to refurbish and renovate their homes; that the defendant had involved two other persons in the crime; and that the thefts had been made possible by the defendant's abuse of her position of private trust as a store cashier:

> So considering all of that, considering the fact that you stole over a period of time from your employer ---- it was not for necessities. It was for, you know, to add onto your own home. It was to accommodate your relatives in obtaining ceiling fans, oriental rug, building materials. You involved two (2) other persons in your crime and if it hadn't have been for you they couldn't have, they couldn't have benefited [sic] from this because you were the one. You were the one with the access to the property. So deferral of judgment is denied. You're sentenced to two (2) years. Count I, theft of property over a thousand dollars ($1,000.00), I've already found you guilty of that offense. You're sentenced to two (2) years as a Range I standard offender. Count II, conspiracy to commit theft over a thousand dollars ($1,000.00), you're sentenced to two (2) years as a Range I standard offender concurrent with Count I. Now, do you want to argue whether or not she should receive alternative sentencing?

Further, the court stated:

> Okay. I've gone through enhancing and mitigating factors. It is a theft crime. It is not a shoplifting crime. It's theft by an employee of a substantial amount of property. I'm going to place you on ---- does she have any time in jail? None. No jail time. I'm not going to put you in jail but I can tell you one thing, if you violate probation and it's proved by a preponderance of the evidence you will go to jail, okay? Alright, you will be on ---- and let me see. Let me look over here. You're ordered to make restitution in the amount of ten thousand dollars ($10,000.00). That will be paid, that will be monitored by the Probation Department. You're placed on probation for a period of four (4) years.

The court sentenced the defendant to concurrent two-year sentences on each conviction, but suspended the sentences, ordering that the defendant be placed on four years' probation and required to pay $10,000 restitution, at the rate of $225 per month, under the supervision of the department of probation. The defendant filed a timely appeal to this court.

-5-

## ANALYSIS

The defendant contends that the trial court abused its discretion in denying her request for judicial diversion, arguing that the record fails to show any substantial evidence in support of the trial court's decision. The defendant asserts that the trial court erred in its application of enhancement and mitigating factors, and in failing to properly balance any relevant enhancement factors with relevant mitigating factors. The State disagrees, arguing that the trial court's application and weighing of enhancement and mitigating factors was proper, and that substantial evidence exists in support of its decision to deny judicial diversion.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). The weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion as long as the trial court complies with the purposes and principles of the 1989 Sentencing Act, and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210 (1997), Sentencing Commission Cmts.; State v. Moss, 727 S.W.2d 229, 236 (Tenn. 1986). The party challenging the sentences imposed by the trial court has the burden of establishing that the sentences are erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

In this case, the defendant challenges the trial court's denial of her request for judicial diversion. Tennessee Code Annotated Section 40-35-313, provides that, following a determination of guilt by plea or by trial, a trial court may, in its discretion, defer further proceedings and place a qualified defendant on probation without entering a judgment of guilt. Tenn. Code Ann. § 40-35-313(a)(1)(A) (Supp. 2000). A qualified defendant is one who pleads guilty or is found guilty of a misdemeanor or Class C, D, or E felony; has not been previously convicted of a felony or a Class A misdemeanor; and who is not seeking deferral for a sexual offense or a Class A or B felony. Tenn. Code Ann. § 40-35-313(a)(1)(B) (Supp. 2000).

The decision to grant or deny a qualified defendant judicial diversion, however, lies within the sound discretion of the trial court. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998); State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997); State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993). As such, it will not be disturbed on appeal absent an abuse of discretion. Electroplating, 990 S.W.2d at 229; Cutshaw, 967 S.W.2d at 344; Bonestel, 871 S.W.2d at 168. To constitute an abuse of discretion, the record must be devoid of any substantial evidence in support of the trial court's decision. Cutshaw, 967 S.W.2d at 344; Bonestel, 871 S.W.2d at 168; State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

In determining whether to grant diversion, the trial court considers (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, (f) the deterrence value to the accused as well as others, and (g) whether judicial diversion will serve the interests of the public as well as the accused. Electroplating, 990 S.W.2d at 229; Bonestel, 871 S.W.2d at 168. A trial court should not deny judicial diversion without explaining the factors in support of its denial, and how those factors outweigh other factors in favor of diversion. Id. The defendant contends that the trial court, in denying her request for judicial diversion, erroneously applied enhancement factors (1), (10), and (15), and erroneously failed to apply as a mitigating factor her lack of a prior criminal record. We disagree.

Regarding the defendant's prior criminal history, the record clearly reflects that she had one misdemeanor conviction for speeding, and that she admitted to an episode of underage drinking and of having tried marijuana once. The trial court recognized, with respect to the speeding ticket, that "[a]s far as convictions go that's practically nothing." The trial court also acknowledged that the underage drinking and marijuana use had occurred only once and had not resulted in charges. Consequently, although the trial court found enhancement factor (1) applicable, noting that the defendant's behavior was "an indication of [her] regard for the laws," it assigned the factor very little weight. The record supports the trial court's application of this factor, and the slight weight which it assigned to it.

The record also supports the trial court's application of enhancement factors (2), the defendant was a leader in the commission of an offense involving two or more actors, and (15), the defendant abused a position of private trust in the commission of the crime. As to factor (2), the evidence showed that the thefts occurred when the defendant, acting as store cashier, allowed her relatives to pass through her checkout line without paying for merchandise. For this enhancement factor to be applicable, it is merely necessary that the defendant be a leader, not the sole leader, in the offense. See State v. Hicks, 868 S.W.2d 729, 731 (Tenn. Crim. App. 1993). From the facts of this case, it is clear that the defendant, by virtue of the role she played in the thefts, was a leader. Factor (15) is applicable when the trial court finds that the defendant occupied a position of public or private trust, and that he or she abused that position of trust in a manner that significantly facilitated the commission of the offense. See State v. Kissinger, 922 S.W.2d 482, 488 (Tenn. 1996). Here, the trial court based the applicability of this factor on the defendant's use of her position as cashier, a position in which her employer had "trusted [her] there with their money" to facilitate the crimes.

The defendant contends that enhancement factors (2) and (15) were both essential elements of her offense of conspiracy to commit theft because the indictment charging that offense alleged that, conspiring and acting in concert with others, she had utilized her position as an employee of Home Depot to allow her coconspirators to take merchandise from the store without payment. Again, we disagree. Tennessee Code Annotated Section 40-35-114 provides that "essential elements of the offense as charged in the indictment" cannot be used to enhance a defendant's sentence. However, contrary to the defendant's assertion, neither her role as a leader in the commission of the offense,

nor her abuse of a position of private trust, as store cashier, were essential elements of the offense as charged in the indictment. Thus, the trial court's application of enhancement factors (2) and (15) was not error.

Finally, there was no error in the trial court's refusal to apply as a mitigating factor that the defendant lacked a criminal record, based on her misdemeanor conviction for speeding. See State v. John D. Joslin, No. 03C01-9510-CR-00299, 1997 WL 583071, at *60 (Tenn. Crim. App. Sept. 22, 1997), perm. to appeal denied (Tenn. Nov. 9, 1998) ("Given the Defendant's prior misdemeanor convictions, however, we do not find [lack of prior criminal history] to be applicable in his case."). Even without the speeding ticket on her record, the trial court would not have been required to consider the defendant's lack of a criminal record as a mitigating factor. See State v. Williams, 920 S.W.2d 247, 261 (Tenn. Crim. App. 1995) ("Although absence of a prior criminal record may be considered under the catch-all provision of Tennessee Code Annotated section 40-35-113 (13), this court is not required to consider this as a mitigating factor[.]") (citations omitted).

The transcript of the hearing in this case shows that, in considering the request for judicial diversion, the court recognized several factors in the defendant's favor, including that she was married and the mother of two children, that she had admitted her guilt and assisted law enforcement officers in their recovery of some of the merchandise, that her work history was good, and that her previous criminal record consisted only of a misdemeanor speeding offense. Ultimately, however, the court determined that these factors were outweighed by other considerations, including the fact that the thefts occurred over a period of time; that the defendant had played a major role, abusing her position of trust with her employer by allowing relatives to take merchandise from the store for the refurbishing of her home; and that the amount of merchandise stolen from the store was substantial. Our review of the record reveals that the trial court considered and balanced the appropriate factors in its determination, and that its denial of diversion was based on substantial evidence.

## CONCLUSION

After a thorough review of the record, we conclude that the trial court's application of enhancement and mitigating factors was proper, and that substantial evidence exists in support of its denial of the defendant's request for judicial diversion. Accordingly, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE